UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAQUIYAK-STACY SHARRIEF,<br><br>    Plaintiff,<br><br>vs.<br><br>GARY LOCKE, Secretary of the United States Department of Commerce,<br><br>    Defendant. | Case No.  2:11-cv-01016-JCM-CWH<br><br>**ORDER**<br><br>Application to Proceed *In Forma Pauperis* (# 1) and Screening of Complaint |

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on June 21, 2011.

**BACKGROUND**

Plaintiff alleges that the Department of Commerce, through its Secretary Gary Locke, failed to decide an anti-discrimination case apparently filed by Plaintiff. It is unclear whether Plaintiff was employed by the Department of Commerce or simply reported discrimination from another entity.

Plaintiff requests relief in the amount of $ 6,496.00 in order to compensate her for lost work days.

**DISCUSSION**

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Sharrief's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result,

Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff alleges a violation of 47 U.S.C. § 553. This statute prohibits the unauthorized interception or receipt or assistance in intercepting or receiving cable service. The Court assumes that Plaintiff cites this statute in error, since the alleged facts relate to work discrimination. Regardless, none of Plaintiff's allegations give rise to a claim under any section of this statute.

Plaintiff alleges that the Department of Commerce refused to decide an anti-discrimination case. The Complaint suggests that Plaintiff was terminated due to discrimination. Again, it is unclear if Plaintiff was employed by the Department of Commerce or if she simply wanted the Department to regulate Plaintiff's employer.

In order to state a valid claim, Plaintiff must provide more than mere labels and

conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Because Plaintiff has only provided the Court with vague allegations and no supporting details, the Court has insufficient information to evaluate the merits of Plaintiff's discrimination claim and the claim will be dismissed.

If Plaintiff intended to bring a Title VII claim against the Department of Commerce for unlawful employment practices, she must allege the cause of her discrimination, such as race, color, religion, sex or natural origin.[1] Further, dates must be provided for the specific instances of alleged conduct so that the Court can determine if the claim is viable in light of the statute of limitations.

If Plaintiff has previously filed a complaint with the Department of Commerce alleging discrimination by a recipient of federal funds in violation of Title VI, Plaintiff should include the administration record reflecting the decision of the Department. Section 603 of Title VI provides in part:

> Any department of agency action taken pursuant to section 2000d-1 (§ 602 of Title VI) shall be subject to such judicial review as may otherwise be provided by law for similar action by such department or agency on other grounds.

42 U.S.C. §2000d-2. This review is available only of a final agency action. Monetary damages are available only for intentional violations of Title VI. *Franklin v. Gwinnett County Pub. Schs.*, 503 U.S. 60, 76 (1992).

If Plaintiff instead wishes to bring a claim against her former employer for violations of Title VII, she should obtain a right to sue letter from the Equal Employment Opportunity Commission.

The Court will grant Plaintiff leave to amend her complaint in accordance with the above discussion, if she is able to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis

---

[1] The Court further notes that the named Defendant, Secretary Gary Locke, has resigned from the Department of Commerce. Thus, Plaintiff should substitute the current head of the Department.

(#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)** days from the date that this Order is entered to file her Amended Complaint, if she believes she can correct the noted deficiencies.   Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 4th day of November, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge